**E-FILED**
Monday, 28 October, 2013  01:26:49 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

| | |
|---|---|
| JACK NEWSOME, | ) |
| | ) |
|         **Plaintiff,** | ) |
| | ) |
| v. | )   No.: 13-1455-MMM-JAG |
| | ) |
| SALVADOR GODINEZ, *et al.*, | ) |
| | ) |
|         **Defendants.** | ) |

### MERIT REVIEW OPINION

**MICHAEL M. MIHM, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Jack Newsome's claims.

### I.
### MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed *in forma pauperis*. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id*. The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

1

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, ___ F.3d ___, 2013 WL 3336713, * 2 (7th Cir. July 3, 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

In his Complaint, Newsome alleges a panoply of ills and wrongs foisted up him by various prisoner officials, medical staff, and local hospitals that stretches back to 1999. Although his Complaint is factually detailed, the Court finds that none of his five Counts states a cause of action upon which relief can be granted.

In Count I, Newsome alleges that Defendants Eschelman, Brown, Browning, Tracy, and Reed were all deliberately indifferent to his serious medical need. Newsome states that each of these Defendants was aware of his need for insulin to combat his diabetes. On January 29, 2012, however, Newsome claims that Eschelman gave him an unsealed vial of insulin. Because he could not determine whether the vial was contaminated, Eschelman refused to take his insulin from that vial, and Eschelman failed to provide him with a new, sealed vial. This scenario repeated itself for three days; each time Defendants provided Newsome with an unsealed vial of insulin; each time Newsome refused to take the insulin from the unsealed vial. On February 1, 2012, Brown provided Newsome with a new, unsealed vial of insulin, and Newsome took his

insulin from this new, unsealed vial. Newsome claims that these Defendants were deliberately indifferent to his serious medical condition because, for three days, they placed him at risk of a suffering a diabetic coma, insulin shock, or other medical conditions as a result of not taking his insulin.

Setting aside the issue of whether Defendants were deliberately indifferent based upon providing an unsealed vial of insulin to him, Newsome has not alleged that he suffered any adverse consequences as a result of not taking his insulin for three days. "[D]elay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm." *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993)(quotation omitted); *Boyett v. County of Washington*, 2008 WL 2483286, * 7 (10th Cir. June 19, 2008) ("Although a three-hour delay in responding to Boyett's claims of internal bleeding is troubling, it does not constitute deliberate indifference to a serious medical need because the delay caused Boyett no harm."); *Hernandez v. Paderes*, 2002 WL 115570, * 1 (9th Cir. Jan. 29, 2002) ("Because no harm resulted from this alleged cancellation [of a doctor's appointment without the doctor's approval], no finding of deliberate indifference is possible."). Accordingly, Count I fails to state a claim for deliberate indifference to a serious medical need because Newsome has failed to allege that he suffered any actual harm from not taking his insulin for three days.

In Count II, Newsome alleges that he complained to Defendants Kirkel, Lindsay, Robinson, Mayback, and other unnamed John Doe Defendants that he was experiencing chest pain, having stomach cramps, was dizzy, and was vomiting blood. The next morning, Newsome was transported to Pontiac Correctional Center's Health Care Unit where he was examined by Dr. Tilden. After Dr. Tilden examined Newsome, Newsome was transported to St. James Hospital's emergency room. An emergency room doctor at St. James told Newsome that he had

a "corrosive esophagus," that this condition had caused him to have a bleeding ulcer, and that he was losing blood.  Accordingly, Newsome was transported to the University Of Illinois Medical Center for observation.

Later in Count II, Newsome makes what appears to be an unrelated claim of deliberate indifference based upon his kidney disease.  Specifically, Newsome alleges that various named Defendants failed to monitor properly his kidney disease from 2005 until 2010.  Newsome also alleges that Dr. Tilden and Dr. Ojelade prescribed medicine to him that exacerbated his kidney disease.

The Court believes that Defendants identified in Count II may be placed into three groups against whom Newsome attempts to state a deliberate indifference claim.  The first group of Defendants is Defendants Lindsay, Robinson, Mayback, and John Does who Newsome claims kept him in his cell while he was in pain for a few hours before he was transferred to Pontiac's Health Care Unit to treat his esophagus and ulcer.  However, the delay of seeing a physician for a few hours does not, under these circumstances, constitute an Eighth Amendment violation. *Brown v. Darnold*, 2013 WL 494356, * 2 (7th Cir. Feb. 11, 2013)("a delay of a few hours in providing a non-prescription pain reliever—add up to an Eighth Amendment violation."); *Bilal v. White*, 2012 WL 3734376, * 1 (2d Cir. Aug. 30, 2012)(quoting *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003))("a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay* or *interruption* in treatment rather than the prisoner's *underlying medical condition* alone in analyzing whether the alleged deprivation is, in objective terms, sufficiently serious to support an Eighth Amendment claim.").  Newsome has not alleged that he sustained further physical harm as a result of the delay, nor has he challenged the medical treatment that he received once he was transferred to

the health care unit and the hospital. *Felders v. Miller*, 776 F. Supp. 424, 427 (N.D. Ind. 1991)("Certainly, mere delay in receiving treatment does not generally involve deliberate indifference."); *Parker v. Mulderig*, 1993 WL 44275, * 6 (E.D. Pa. Feb. 17, 1993)(a prisoner's "suffer[ing] pain in the four or five hours between the time he first sought care . . . and the time he obtained medical attention" was "constitutionally negligible . . . ."). Accordingly, the Court finds that Newsome has failed to state a cause of action for violating the Eighth Amendment against Defendants Lindsay, Robinson, Mayback, and John Does.

In the second category are Defendants Funk, Mahoney, Larson, Taller, Vade, Zhane, Baker, and Scott. Newsome alleges that from 2005 until 2010, these Defendants were responsible for monitoring and examining him for hypertension and diabetes and that their failure to monitor him properly and to examine his condition properly led to his kidney disease.

The statute of limitations in a § 1983 suit is that provided by the State for personal injury torts; in Illinois, the limitations period is two years. *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Woods v. Illinois Dept. of Children and Fam. Servs.*, 710 F.3d 762, 768 (7th Cir. 2013). Here, Newsome has alleged that these Defendants had a duty to monitor and examine him between 2005 and 2010, but he did not file the instant suit until 2013. As a result, Newsome's deliberate indifference claim against these Defendants is barred by the applicable statute of limitations.

The Court is cognizant of the fact that "[d]eliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when the treatment is provided or the inmate is released." *Jervis v. Mitcheff*, 2007 WL 435543, *2 (7th Cir. Dec. 13, 2007)(citing *Heard v. Sheahan*, 253 F.3d 316, 318-19 (7th Cir. 2001)). The Court is also aware that "[a] district court should not raise and resolve affirmative

defenses at screening unless the outcome is obvious and would render the suit frivolous . . . ." *Jervis*, 2007 WL 435543 at * 2 (citing *Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002)).

But, even a pro se plaintiff may plead himself out of court. *McCready v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007). By alleging the beginning dates and termination dates of Defendants' duty to Newsome, Newsome has pled himself out of court because, according to his own allegations, Defendants duty ended in 2010. Because he did not file suit until 2013, the application of the statute of limitations is obvious and should be applied at this screening stage of the case.

Even assuming *arguendo* that the statute of limitations did not apply to bar Newsome's claim, the Court would, nevertheless, find that Newsome has failed to state a cause of action against these Defendants because he has failed to allege that Defendants acted with recklessness towards his serious medical needs. "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley*, 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)(same). "A medical condition is serious if it 'has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention.'" *Lee*, 533 F.3d at 509 (quoting *Greeno,* 414 F.3d at 653). "With respect to the culpable state of mind, negligence or even gross negligence is not enough; the conduct must be reckless in the criminal sense." *Id*.; *Farmer v. Brennan*, 511 U.S. 825, 836-37 (1994)("We hold . . . that a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be

aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference.").

Newsome does not allege that these Defendants were aware of his serious medical conditions relating to his kidneys or that they acted recklessly in denying him treatment. Accordingly, the Court finds that Newsome has failed to state a deliberate indifference claim against these Defendants.

The third group of Defendants in Count III is Drs. Tilden and Ojelade. As for these Defendants, Newsome contends that they prescribed medication to him that exacerbated his kidney condition. Newsome avers that, by prescribing this medication, Drs. Tilden and Ojelade were deliberately indifferent to his serious medical needs.

At most, Drs. Tilden and Ojelade's conduct constituted negligence or malpractice, and medical malpractice is insufficient to support a deliberate indifference claim. *Ahmad*, 532 F.3d at 679 ("Deliberate indifference is not medical malpractice; the Eighth Amendment does not codify common law torts."). Newsome has only alleged that he disagreed with the doctors' decision regarding course of treatment (*i.e.*, the prescription medicine), but "[t]he Eighth Amendment prohibits cruel and unusual punishment. It does not mandate that prisoners be provided with the best treatment available or the treatment of their choosing." *Bell v. Scholtz*, 2011 WL 1238911, * 10 (C.D. Ill. Mar. 30, 2011)(citing *Anderson v. Romero*, 72 F.3d 518, 524 (7th Cir. 1995)). Therefore, Count II is dismissed for failure to state a claim upon which relief can be granted.

In Count III, Newsome alleges that the Illinois Department of Correction's (*i.e.*, S.A. Godinez's) decision to provide prisoners, including himself, with a soy based diet exacerbated his serious medical condition. As a result, Newsome asserts a deliberate indifference claim against Defendant Godinez and the Illinois Department of Corrections.

Initially, the Court notes that Newsome does not specify how the soy based diet exacerbated his serious medical condition. In any event, in order to succeed on his claim that Defendants Godinez and the IDOC violated his Eighth Amendment rights by failing to provide him a proper diet, Newsome must demonstrate that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834. In the conditions-of-confinement context, an inmate must show "a serious deprivation of basic human needs," *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), or denial of the "minimal civilized measure of life's necessities . . ." *Wilson v. Seiter*, 501 U.S. 294, 303 (1991). Second, he must show that prison officials acted with deliberate indifference to that risk, a subjective inquiry into a prison official's state of mind. *Farmer*, 511 U.S. at 383-39. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. The prison official may be held liable only if he knows an inmate faces a substantial risk of serious harm and "disregards that risk by failing to take reasonable measures to abate it." *Id*. at 847. "[A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Id*. at 838. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987).

In the instant case, the Court finds that Newsome's complaints regarding a soy-based diet fail to state a claim under the Eighth Amendment's prohibition against cruel and unusual punishment. The Seventh Circuit has held that a well-balanced diet that contains adequate

8

nutritional value, despite being cold or poorly prepared, does not violate the Constitution. *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994)(quoting *Smith v Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977)).  More specifically to the allegations made in this case, at least three courts have determined that an inmate's Eighth Amendment rights were not violated after he allegedly became ill after eating soy-based foods. *Martin v. Scott*, 156 F.3d 578, (5th Cir. 1998)("The conditions complained of by Martin, including his contention that he was subjected to cruel and unusual punishment when he became ill after being fed Vita–Pro—a soy-based meat substitute—simply do not rise to the level of cruel and unusual punishment."); *Floyd v. McNeil*, 2011 WL 6955839 (N.D. Fla. Dec. 5, 2011)("The amount of soy, as shown by the relevant evidence, simply cannot be found to violate "contemporary standards of decency," or constitute the denial of "the minimal civilized measure of life's necessities."); *Johnson v. Randle*, 2012 WL 1964996, * 9 (S.D. Ill. May 31, 2011)(finding that the allegations of health problems associated with soy intake do not state a claim for damages where the inmate could not show that defendants knew of the risk of harm); *c.f. Helling v. McKinney*, 509 U.S. 25, 36 (1993)(holding that the inmate must show that the risk of which he complains is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk").

The Court agrees with these courts that merely being fed a diet based upon soy or soy-based products does not constitute conditions posing a substantial risk of serious harm in violation of an inmate's Eighth Amendment rights. *Farmer*, 511 U.S. at 834.  Thus, the Court finds that Count III of Newsome's Complaint fails to state an Eighth Amendment claim based upon the conditions of his confinement, *i.e.*, that feeding him a soy-based diet violates the Eighth Amendment.

In Count IV, Newsome alleges a violation of his constitutional rights in that he was forced to sleep on a soiled mattress. In addition, Newsome contends that Defendant Prentice interfered with his medical treatment for incontinence by informing Dr. Tilden that Newsome's need for a mattress with a vinyl cover was a security concern.

"The Eighth Amendment safeguards the prisoner against a lack of medical care that may result in pain and suffering which no one suggests would serve any penological purpose." *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011)(internal quotations and footnote omitted). Newsome has alleged that the reason why he was not given a mattress with a vinyl cover was based upon security concerns. Based upon his own pleading, the refusal was based upon a penological concern.

Furthermore, "[t]he Constitution does not require the jail to ensure the comfort of each prisoner, but only to provide such necessities as food, medical care, sanitation, and a safe environment." *Smith v. DeBruyn*, 1996 WL 407258, * 4 (7th Cir. July 18, 1996)(citing *Rhodes v. Chapman*, 452 U.S. 337, 347-48 (1981)). As the Seventh Circuit found in *Smith*, this Court finds that the conditions at Pontiac as described by Newsome—including the use of a mattress that had been soiled by him—do not rise to the level of a constitutional violation. *Id*. "The state's interest in limiting the cost of detention often will justify the state's decision to provide inmates with the minimally required food, living space, and medical care." *Id*. "Inmates cannot expect the amenities, conveniences and services of a good hotel . . . ." *Harris v. Fleming*, 839 F.2d 1232, 1235-36 (7th Cir. 1988).

Finally in Count V, Newsome alleges that Dr. Ojelade prescribed medication to him that aggravated his kidney disease. As with his claim against Dr. Ojelade in Count II, Count V fails to state a claim for deliberate indifference. At most, Newsome has alleged that Dr. Ojelade

10

committed medical malpractice, but that is not enough to survive a merit review or to state a federal cause of action under 42 U.S.C. § 1983.

**IT IS, THEREFORE, ORDERED that:**

1.  Plaintiff Jack Newsome's Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment to the Complaint would be futile because Plaintiff's claims are not cognizable.

2.  This dismissal shall count as one of Plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

3.  Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court as directed in the Court's prior Order.

4.  If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.

5.  **This case is, therefore, closed, and the clerk is directed to enter a judgment pursuant to Federal Rule of Civil Procedure 58. The Clerk of the Court is directed to record Plaintiff's strike in the three-strike log. The merit review scheduled for November 5, 2013, at 10:00 a.m. is cancelled. The Clerk is directed to notify Plaintiff's prison of the cancellation.**

Entered this 28th day of October 2013.

          /s Michael M. Mihm
          MICHAEL M. MIHM
          UNITED STATES DISTRICT JUDGE